UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KALEB T. MORRIS, as Administrator of the Estate of Victor D. Morris,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC,<br><br>　　　　Defendant. | Case No. 20-cv-246-JPG |

### **MEMORANDUM AND ORDER**

　　This matter comes before the Court on discovery matters.

Protective Order

　　The plaintiff seeks a "sharing" protective order that would allow him to share discovery with other plaintiffs in similar cases (Doc. 32). Defendant Daimler Trucks North America, LLC ("DTNA") opposes the request (Doc. 34) and proposes its own protective order.

　　As a preliminary matter, no rule requires a protective order that allows sharing of discovery. "[T]here is no constitutional or common-law right of public access to discovery materials exchanged by the parties but not filed with the court. Unfiled discovery is private, not public. . . ." *Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir. 2009). Thus, litigants and attorneys not active in this litigation have no right of access to discovery produced in it. Whether to enter a sharing protective order is therefore at the discretion of the Court.

　　While the Court is mindful that allowing sharing of discovery among multiple lawsuits can economize on parties' and courts' use of resources, the Court believes forcing one party to share discovery involuntarily outside of traditional means and without established procedural safeguards is not appropriate and unduly risks wrongful dissemination of confidential

information.   This is especially true where the sharing may occur outside this District with those not subject to the Court's jurisdiction and oversight.

The parties are free to agree to voluntarily share discovery and move for entry of an *agreed* protective order.   Alternatively, either party may seek formal consolidation of any cases within this district for pretrial matters pursuant to Federal Rule of Civil Procedure 42.   If the cases are across multiple districts, it may move for class action status pursuant to Federal Rule of Civil Procedure 23 or for consolidation in multidistrict litigation.   Until then, this Court will not enter a shared protective order regarding discovery that is not agreed to, at least in principle, by all the parties.

Further, the Court has reviewed DTNA's proposed protective order and, with one exception, finds that it is appropriate for entry in this case.   The exception is the last sentence of paragraph 7, which distinguishes between *pro hac vice* and local counsel.

ESI Protocol

The plaintiff asks for entry of an ESI protocol (Doc. 28).   DTNA argues that no ESI protocol is necessary, but proposes an alternative protocol if the Court thinks one should be entered (Doc. 33).

The Court has reviewed and considered the parties briefs and concludes that discovery procedures available to the parties without the plaintiff's requested ESI protocol are adequate for this case and that there is no need for additional protocols at this time.   If a dispute arises over the production of ESI, the parties may bring the matter to the Court's attention after first trying to resolve the matter themselves.   Should the parties agree to a proposed ESI protocol in the future for their mutual benefit, they may ask the Court at that time to order it.

Conclusion

For the foregoing reasons, the Court:

- **DENIES** the plaintiff's motion for adoption of an ESI protocol (Doc. 28);

- **DENIES** the plaintiff's motion for a sharing protective order (Doc. 32);

- **GRANTS** DTNA's motion for a protective order (Doc. 34) and will enter its proposed order in substantially the same form as proposed.

**IT IS SO ORDERED.**
**DATED:   August 5, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**