UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KALEB T. MORRIS, as Administrator of the Estate of Victor D. Morris,<br><br>    Plaintiff,<br><br>    v.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>REBECCA N. ANDERSON,<br><br>    Third-Party Defendant. | Case No. 20-cv-246-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on third-party defendant Rebecca N. Anderson's motion for summary judgment (Doc. 60). Third-party plaintiff Daimler Trucks North America, LLC ("DTNA") has responded to the motion (Doc. 63), and Anderson has replied to that response (Doc. 75).

**I.    Background**

This case arose after the plaintiff's decedent, plaintiff's father Victor D. Morris, was killed in a traffic accident between two Freightliner Class 8 heavy commercial trucks on March 15, 2018. Morris was driving a 2015 Freightliner Conventional Columbia truck ("Columbia truck") northbound on U.S. Highway 67 in Randolph County, Arkansas. The accident occurred when a southbound Kia Sorento driven by Anderson swerved into the northbound lane and collided with the Columbia truck, disabling the Columbia truck's steering control mechanism. Morris was not able to control the Columbia truck, crossed the centerline, and collided with a

2015 Freightliner Cascadia truck ("Cascadia truck") that had been traveling behind Anderson at the time of the accident. Morris survived the impact between the Columbia truck and the Cascadia truck, but as a consequence of the collision, aerated diesel fuel from one or both trucks ignited, engulfing the Columbia truck in flames. Morris was trapped in the Columbia truck and died in the fire. In August-September 2018, Anderson settled with Morris's estate for her insurance policy bodily injury limit—$25,000—in exchange for releasing Anderson and her parents (the owners of the Sorento) from liability.

In March 2020, Morris's son, as administrator of Morris's estate, filed this lawsuit alleging negligence and strict products liability claims against DTNA relating to the Columbia and Cascadia trucks. In turn, DTNA brought a third-party contribution claim against Anderson, whose negligence it believes contributed to Morris's death. DTNA invokes, in the alternative, Arkansas or Illinois contribution law. *See* Arkansas Uniform Contribution Among Tortfeasors Act ("Arkansas Contribution Act"), Ark. Code Ann. § 16-61-201 *et seq.*; Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2.

Anderson filed this summary judgment motion arguing that her settlement with the plaintiff released her from contribution liability under Illinois and Arkansas law. She believes Illinois contribution law should apply but that under Arkansas law the result would be the same. DTNA agrees that Arkansas and Illinois law come out the same way, but contends that the Court should apply Arkansas law because it is the law called for by Illinois choice of law principles. Thus, the first question is what law applies; the second is whether DTNA's contribution claim survives summary judgment under that law.

**II.     Analysis**

       A.     <u>Summary Judgment Standard</u>

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.   .

The parties agree on a number of the essential facts:   the time, location and general facts of the accident, that Morris died as a result of the accident, and that Anderson and her parents settled with the plaintiff in a settlement agreement set forth as an attachment to her motion (Doc. 60-1 at 5-11).   Other facts are in dispute but are not necessary in the resolution of this motion. The threshold issue—the choice of law question—can be decided as a matter of law and does not rely on any disputed facts.

       B.     <u>Choice of Contribution Law</u>

When the Court hears a case under diversity jurisdiction, it must apply state substantive law.   *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).   Where it is disputed which state's law applies, the Court applies the choice of law rules of the state in which it sits—for this Court, Illinois.   *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014).[1]

---

[1] Ordinarily, when there are two potentially applicable laws, the Court will determine whether

For tort claims like the ones in this case, Illinois generally follows the most-significant-contacts approach of the Restatement (Second) of Conflict of Laws.  *Cont'l Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 758-59 (7th Cir. 2020) (citing *Wreglesworth v. Arctco, Inc.*, 738 N.E.2d 964, 971 (Ill. App. Ct. 2000)); *see* Restatement (Second) of Conflict of Laws: The General Principle § 145 (Am. L. Inst. 1971).  Illinois law presumes in personal injury cases that the applicable law is the law of the state in which the injury occurred unless Illinois has a more significant relationship to the occurrence and the parties.  *Kolchinsky v. W. Dairy Transp., LLC*, 949 F.3d 1010, 1013 n.2 (7th Cir. 2020) (citing *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 903 (Ill. 2007)); *Wreglesworth*, 738 N.E.2d at 971; Restatement (Second) of Conflict of Laws:  Personal Injuries § 146.  And in personal injury cases involving contribution claims, Illinois courts apply the contribution law of the same state called for by § 145. Restatement (Second) of Conflict of Laws:  Contribution and Indemnity Among Tortfeasors § 173.

Arkansas substantive personal injury law, including its contribution law, applies in this case.  The accident causing the injury occurred in Arkansas, so its law is presumed to apply.  Neither Illinois nor any other state has a more significant relationship with the occurrence and the parties.  It is true that Morris was an Illinois citizen, he was driving a truck that had passed in the stream of commerce through Illinois, and his connection *with the truck* centered on his employment in Illinois.  However, Arkansas has a far stronger connection *with this dispute and*

---

their respective applications would lead to different results, and if they do not, would apply the law of the forum state.  *See Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007).  However, it is clear that the two competing contribution laws here—one applying joint and several liability and one applying several liability only—embody vastly different inquiries and public policy choices.  Where laws are this different, it is appropriate to conduct a choice of law analysis.  *See id.*  Furthermore, since the appropriate choice of law is clear, as explained below, the Court will not dally to determine whether the forum law would reach the same result.

*the parties generally*.  Morris's connections with Illinois are outweighed by the fact that the two other individuals involved in the accident—Anderson and the Cascadia truck driver—were Arkansas citizens.  Further, as noted above, the accident in question and the resulting injuries occurred in Arkansas, and two of the three vehicles involved were owned and operated by Arkansas residents.  Because Arkansas is the location of the accident and has a stronger relationship that Illinois with the occurrence and the parties when viewed as a whole, the Court applies Arkansas substantive law to this case.

        C.      <u>Arkansas Contribution Law</u>

Arkansas contribution law differs significantly from Illinois contribution law.  Under the Illinois Joint Tortfeasor Contribution Act, a settling tortfeasor is relieved of contribution liability if its settlement was in good faith, 740 ILCS 100/2(d).  A non-settling joint tortfeasor is entitled to a set-off in the dollar amount the settling tortfeasor paid the plaintiff, 740 ILCS 100/2(c).

However, under Arkansas law, a settling tortfeasor must meet different requirements before she is relieved of contribution liability.  Specifically, the Arkansas Uniform Contribution Among Tortfeasors Act ("Arkansas Contribution Act") states, in pertinent part:

> A release by the injured person of a joint tortfeasor does not relieve the released tortfeasor from liability to make contribution to another joint tortfeasor unless the release [1] is given before the right of the other joint tortfeasor to secure a money judgment for contribution has accrued and [2] provides for a reduction, to the extent of the pro rata share of the released joint tortfeasor, of the injured person's damages recoverable against all other joint tortfeasors.

Ark. Code Ann. § 16-61-204(b) (enumeration added).  Under this law, joint tortfeasors not only have a right to a money judgment if they have paid more than their pro rata share based on allocation of fault, they also have a substantive right to that allocation of fault by the factfinder. Ark. Code Ann. §§ 16-61-202(c) & -204(d).  This allocation decision includes a finding of the

proportionate liability of previously released joint tortfeasors. *Id.*

Thus, to be relieved of contribution liability under Arkansas law, the release given to a settling joint tortfeasor must meet two requirements. First, it must be given before another joint tortfeasor's cause of action for contribution has accrued. A contribution cause of action accrues, and the statute of limitations begins to run, only when a tortfeasor pays more than her pro rata share of the liability. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 436 S.W.3d 458, 467 (Ark. 2014) (citing Ark. Code Ann. § 16-61-202(b));[2] *Wynne-Ark., Inc. v. Richard Baughn Constr.*, 597 S.W.3d 114, 119-20 (Ark. Ct. App.), *rev. denied*, No. CV-18-585, 2020 Ark. LEXIS 151 (Ark. Apr. 23, 2020). Second, the release must provide that the plaintiff's damages recoverable from the non-settling joint tortfeasors are reduced by the pro rata share of the settling tortfeasor. The pro rata share of the settling joint tortfeasor is, as noted above, to be determined by the fact-finder. Ark. Code Ann. § 16-61-204(d). This embodies the theory of several liability, rather than joint and several liability, in that a defendant will not have to pay for more than its proportionate share of the liability. *English v. Robbins*, 452 S.W.3d 566, 572 (Ark. 2014) (citing Ark. Code Ann. § 16-61-201(2)); *see Wynne-Ark.,* 597 S.W.3d at 120.[3]

DTNA concedes that the plaintiff's release of Anderson satisfies the first requirement of § 16-61-204(b)—it was given before DTNA's right to secure a money judgment for contribution accrued. However, DTNA argues that the release given to Anderson does not "provide[] for a

---

[2] The Arkansas General Assembly amended the Arkansas Contribution Act effective August 16, 2013, to bring it to its current state. The Arkansas Supreme Court applied the amended act retroactively in *J-McDaniel* even though the case arose before the change. *J-McDaniel*, 436 S.W.3d at 467.

[3] Under general contribution principles, even though it appears a contribution claim for monetary damages would not be necessary where liability is several, *see* Restatement (Third) of Torts: Effect of Several Liability § 11 cmt. c (Am. L. Inst. 1971), there are occasions where it would be warranted, *see* Restatement (Third) of Torts: Contribution § 23 cmt. f (Am. L. Inst. 1971).

Act that predated important 2013 changes to the act, *see* 2013 Arkansas Laws Act 1116, § 3 (eff. Aug. 16, 2013), so it is not persuasive in this case. Those changes confirmed a joint tortfeasor's substantive right to an allocation of fault by the fact-finder in addition to money damages. *See* Ark. Code Ann. §§ 16-61-202(c) & -204(d).

It is clear that DTNA' contribution claim against Anderson is not subject to summary judgment. While DTNA may never be entitled to a money judgment, it is entitled to a determination by the fact-finder of the proportion of liability born by each joint tortfeasor who contributed to the plaintiff's injuries.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Anderson's motion for summary judgment on DTNA's third-party contribution claim against her (Doc. 60).

**IT IS SO ORDERED.**
**DATED:   May 5, 2021**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**