UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KALEB T. MORRIS, as Administrator of the Estate
of Victor D. Morris,

      Plaintiff,

        v.

DAIMLER TRUCKS NORTH AMERICA, LLC,

      Defendant/Third-Party Plaintiff,

        v.

REBECCA N. ANDERSON,

      Third-Party Defendant.

Case No. 20-cv-246-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on third-party defendant Rebecca N. Anderson's motion for leave to amend her affirmative defenses to the third-party complaint for contribution filed by defendant/third-party plaintiff Daimler Trucks North America, LLC ("DTNA") (Doc. 85). DTNA has responded to the motion (Doc. 88), and Anderson has replied to that response (Doc. 91).[1]

Federal Rule of Civil Procedure 15(a) governs amendments of pleadings. A party may amend its answer to add or change affirmative defenses once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's written consent, which Anderson has not obtained, or leave of court, which the

---

[1] Plaintiff Kaleb T. Morris, administrator of the Estate of Victor D. Morris, has also filed a response to the motion (Doc. 89), but that response takes no position on the motion, so the Court does not consider it. Additionally, although Anderson's reply was late, the Court has considered it. Replies to motions not listed in Local Rule 7.1(c) are due 7 days after a response is filed. Local Rule 7.1(g).

Court should freely give when justice requires.   Fed. R. Civ. P. 15(a)(2).   Although the text of

the rule has changed in recent years, pleading rules still "favor decisions on the merits rather than

technicalities."   *Stanard v. Nygren*, 658 F.3d 792, 800-01 (7th Cir. 2011) (citing *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962)).   Generally, the decision whether to grant a party leave to

amend its pleading is a matter left to the discretion of the district court.   *Id.* at 796.   A court

should allow amendment except where there is undue delay, bad faith, dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the

amendment.   *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne*

*Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Anderson filed her original affirmative defenses to DTNA's third-party complaint on

September 23, 2020 (Doc. 56).   Her original "First Affirmative Defenses" relied on the Illinois

Joint Tortfeasor Contribution Act, 740 ILCS 100/2(d), which discharges a settling tortfeasor's

contribution liability if the settlement was in good faith.   In her motion for summary judgment,

Anderson argued that under Illinois and Arkansas contribution laws, DTNA's contribution claim

against her was extinguished.   In rejecting Anderson's arguments, the Court ruled that the

contribution law of Arkansas, not Illinois, applies.   So Anderson now asks to change her

affirmative defense to assert that she was relieved of liability under the Arkansas Uniform

Contribution Among Tortfeasors Act ("Arkansas Contribution Act"), Ark. Code Ann. § 16-61-

204(b).   The Court declines to allow Anderson to amend her answer to add this affirmative

defense because it would be futile.   The Court already rejected that position in denying

Anderson's summary judgment motion.   There, it found that the content of the release the

plaintiff gave Anderson did not contain the necessary statements required by the Arkansas

2

Contribution Act to relieve her of contribution liability.   It would be futile to allow her to add

that argument as an affirmative defense now.

Additionally, Anderson's original "Second Affirmative Defense" and "Third Affirmative

Defense" asserted the Arkansas Contribution Act as a defense.   Clearly Anderson was aware of

the possibility that Arkansas contribution law would apply as early as September 2020, and she

has not offered any reason to justify why she failed to assert her new proposed Arkansas

Contribution Act affirmative defense in her original answer.

The Court is puzzled by Anderson's proposed new "Second Affirmative Defense."

There, she notes that the Arkansas Supreme Court held in *Johnson v. Rockwell Automation, Inc.*,

308 S.W.3d 135 (Ark. 2009), that at least part of Ark. Code Ann. § 16-55-202 violated the

Arkansas Constitution.   That statute provided a pleading mechanism for allowing a defendant to

place before the jury the question of the fault of a person who had not been joined in the case by

the proper judicial procedures.   *Id*. at 140.   The Arkansas Supreme Court held that the Arkansas

legislature, by creating such a mechanism, impermissibly infringed on the Arkansas Supreme

Court's exclusive constitutional authority to prescribe rules of pleading, practice, and procedure.

*Id*. at 140-41.   The ruling did not depend on a state law's *conflict* with the Arkansas Supreme

Court's pleading, practice and procedure rules, but simply on the fact that the legislature

legislated in the area of procedure, an area exclusively delegated to the Arkansas Supreme Court,

*Id.*   The Court is puzzled because current Arkansas law provides that a settling joint tortfeasor

can remain in the case as a contribution defendant so the question of its proportionate liability

can be put before the jury.   Ark. Code Ann. § 16-61-204(b) (noting a release from the injured

party does not relieve the tortfeasor from contribution liability unless the release satisfies certain

requirements).   This statute was enacted in 2013 (after *Johnson* was decided), avoids the

problem of the legislature's infringing on the authority to make rules of pleading, practice, and procedure. and was exactly why the Court declined to grant summary judgment for Anderson.

In the proposed "Second Affirmative Defense," Anderson first asserts that Ark. Code Ann. § 16-61-202(b) is unconstitutional, *see* Prop. 2d Am. Aff. Def. ¶ 2 (Doc. 85 at 6), although that statute appears to have nothing to do with the pleading, practice, or procedure rules at issue in *Johnson*.   On the contrary, Ark. Code Ann. § 16-61-202(b) defines the point at which a joint tortfeasor is entitled to a monetary award:   "A joint tortfeasor is not entitled to a money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share of the common liability."

Later in the proposed "Second Affirmative Defense," Anderson asserts that another provision of the Arkansas Code is unconstitutional—Ark. Code Ann. § 16-55-202(a):   "In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property, tangible or intangible, regardless of whether the person or entity was or could have been named as a party to the suit." *See* Prop. 2d Am. Aff. Def. ¶ 5 (Doc. 85 at 7).

And in her motion itself, Anderson asserts that Ark. Code Ann. § 16-55-201, the statute abolishing joint and several liability in Arkansas in favor of several liability only, is also unconstitutional.   *See* Mot. Amend ¶ 2 (Doc. 85 at 2).   She provides no rationale for this assertion and, in fact, does not even mention Ark. Code Ann. § 16-55-201 in her proposed affirmative defenses.

Viewing the proposed "Second Affirmative Defense" as a whole, the Court is unable to discern which provision of the Arkansas Code Anderson believes applies to her and why she thinks it is unconstitutional.   Therefor, the Court cannot determine whether justice requires

allowing her to add her proposed "Second Affirmative Defense," so it will deny that request at this time.   Should she be able to clarify her pleading, she may reapply to the Court for leave to add the clarified affirmative defense to her answer.

For the foregoing reasons, the Court **DENIES** Anderson's motion for leave to amend her affirmative defenses **with prejudice** as to her proposed new "First Affirmative Defense," but **without prejudice** as to her proposed new "Second Affirmative Defense" (Doc. 85).   The Court further **ORDERS** that any further motions for leave to amend affirmative defenses must be filed within 14 days of entry of this order unless good cause exists for a later motion.

**IT IS SO ORDERED.**
**DATED:   July 23, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
