UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KALEB T. MORRIS, as Administrator of the Estate of Victor D. Morris,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC,<br><br>　　　　Defendant/Third-Party Plaintiff,<br><br>　　v.<br><br>REBECCA N. ANDERSON,<br><br>　　　　Third-Party Defendant. | Case No. 20-cv-246-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the second motion by third-party defendant Rebecca N. Anderson for leave to amend her affirmative defenses to the third-party complaint for contribution filed by defendant/third-party plaintiff Daimler Trucks North America, LLC ("DTNA") (Doc. 93). DTNA has responded to the motion (Doc. 96), and Anderson has replied to that response (Doc. 97).[1]

This case arose after the plaintiff's decedent, plaintiff's father Victor D. Morris, was

---

[1] Anderson's motion and reply were late. The motion was due 14 days after entry of the Court's order—that is, on August 6, 2021—but it was filed on August 11, 2021, and the proposed amended pleading was not tendered to the Court until August 23, 2021. The reply brief was due 7 days after DTNA's response, *see* Local Rule 7.1(g)—that is, on September 10, 2021—but it was filed September 13, 2021. Anderson offers no reason amounting to good cause or excusable neglect for her delays. As to the first, her counsel simply preferred to read a docket entry summary drafted by a deputy clerk rather than the full July 23, 2021, order drafted by the Court, so he missed the deadline set in that order. Attorneys rely on docket entries from a clerk rather than detailed orders from the Court at their own peril. No word as to the reason for the second delay. As an alternative to the other reasons set forth in this order, the Court would deny the motion for leave to amend as untimely. The Court will further direct plaintiff's counsel to review Federal Rule of Civil Procedure 6 regarding counting time in federal civil cases.

killed in a traffic accident between two Freightliner Class 8 heavy commercial trucks on March 15, 2018. Morris was driving a 2015 Freightliner Conventional Columbia truck ("Columbia truck") northbound on U.S. Highway 67 in Randolph County, Arkansas. The accident occurred when a southbound Kia Sorento driven by Anderson swerved into the northbound lane and collided with the Columbia truck, disabling the Columbia truck's steering control mechanism. Morris was not able to control the Columbia truck, crossed the centerline, and collided with a 2015 Freightliner Cascadia truck ("Cascadia truck") that had been traveling behind Anderson at the time of the accident. Morris survived the impact between the Columbia truck and the Cascadia truck, but as a consequence of the collision, aerated diesel fuel from one or both trucks ignited, engulfing the Columbia truck in flames. Morris was trapped in the Columbia truck and died in the fire.

In 2018, Anderson settled with Morris's estate for $30,000 in exchange for releasing Anderson and her parents (the owners of the Sorento) from liability. Later the plaintiff sued DTNA for products liability for the design of the Columbia and Cascadia trucks. In turn, DTNA brought a third-party contribution claim against Anderson, whose negligence it believes contributed to Morris's death. In a summary judgment motion, Anderson argued that her release from Morris's estate relieved her of contribution liability. The Court denied her motion, finding that Arkansas law applied and that the Arkansas Uniform Contribution Among Tortfeasors Act ("Arkansas Contribution Act") did not relieve her of contribution liability. She then sought to amend her affirmative defenses.

The Court has already once declined to allow her to do so. Specifically, she sought to add an affirmative defense under the Arkansas Contribution Act, Ark. Code Ann. § 16-61-204(b), but the Court found such an amendment would be futile in light of its previous finding

that the act did not relieve her of contribution liability. The Court also refused to allow her to assert that certain provisions of the Arkansas Contribution Act were unconstitutional because it could not discern her argument in the proposed amended affirmative defenses, and it allowed her an opportunity to replead her proposed unconstitutionality affirmative defense. She has tendered an amended pleading of that defense that also challenges DTNA's ability to prove Anderson was a joint tortfeasor under the Arkansas Contribution Act. The Court finds the proposed amended affirmative defenses are futile and were tendered after undue delay, so it will deny her motion.

Again, Federal Rule of Civil Procedure 15(a) governs. Under that rule, a party may amend its answer to add or change affirmative defenses once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's written consent, which Anderson has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed in recent years, pleading rules still "favor decisions on the merits rather than technicalities." *Stanard v. Nygren*, 658 F.3d 792, 800-01 (7th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Generally, the decision whether to grant a party leave to amend its pleading is a matter left to the discretion of the district court. *Id.* at 796. A court should allow amendment except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Amended First Affirmative Defense

In her proposed amended first affirmative defense to DTNA's third-party complaint for contribution, Anderson notes that that Ark. Code Ann. § 16-55-202 is unconstitutional, and argues that, as a consequence, DTNA cannot seek an allocation of fault that includes her fault as a settling non-party joint tortfeasor.   This affirmative defense is futile.   DTNA is not relying on Ark. Code Ann. § 16-55-202 as the basis for seeking an allocation of fault against Anderson but a separate third-party contribution claim under Ark. Code Ann. § 16-61-202.   *See J-McDaniel Const. Co. v. Dale E. Peters Plumbing Ltd.*, 436 S.W.3d 458, 467 (Ark. 2014).   Furthermore, *non-party* fault is the issue in Ark. Code Ann. § 16-55-202, but Anderson is a *bona fide party* in DTNA's contribution claim, brought into the case under the proper pleading rules, not the unconstitutional procedure outlined in Ark. Code Ann. § 16-55-202.   Accordingly, the unconstitutionality of Ark. Code Ann. § 16-55-202 is not a colorable affirmative defense and, in fact, has no bearing on the contribution claim against Anderson.

Anderson also suggests the affirmative defense that she did not cause the decedent's injuries or death.   This, like the often tendered affirmative defense of "failure to state a claim," is not a proper affirmative defense but the simple denial of an element DTNA is required to prove in its contribution claim.   *See Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 888 (N.D. Ill. 2018).   This issue will be before the jury in that context, and there is no need to repeat it as an affirmative defense.   In other words, if a jury finds in considering DTNA's contribution claim that Anderson played *no causal role whatsoever* in the decedent's injuries and death when, distracted while driving, she began the fateful chain of events by crossing the highway center line and colliding with his vehicle—*i.e.*, that she is not a joint tortfeasor—the question of whether the Arkansas Contribution Act applies will become moot.

Anderson also suggests that DTNA is only entitled to a common-law setoff of any verdict entered against it for the dollar amount Anderson paid the plaintiff in settlement. First, it does not appear Anderson has standing to raise this argument, which concerns only the damages awardable to the plaintiff from DTNA, not DTNA's ability to seek contribution from her. Furthermore, this common-law setoff affirmative defense can have no merit in light of the statutory setoff set forth in Ark. Code Ann. § 16-61-204(c),[2] which was enacted long after the Arkansas Supreme Court declared Ark. Code Ann. § 16-55-202 unconstitutional in *Johnson v. Rockwell Automation, Inc.*, 308 S.W.3d 135 (Ark. 2009).

Amended Second Affirmative Defense

In her proposed amended second affirmative defense to DTNA's third-party complaint for contribution, Anderson asserts that Ark. Code Ann. § 16-61-202(c) is unconstitutional because it allows the allocation of fault among joint tortfeasors. She has not made any comprehensible argument that Ark. Code Ann. § 16-61-202(c) suffers from the same flaws as Ark. Code Ann. § 16-55-202 (*i.e.*, that the Arkansas legislature rather than the Arkansas Supreme Court impermissibly created a new court procedure). *Johnson* did not find anything inherently unconstitutional about allowing the jury to allocate fault among joint tortfeasors who have been properly made parties to the case, as Anderson has. *See J-McDaniel*, 436 S.W.3d at 467 (contribution claim remains valid cause of action after enactment of Ark. Code Ann. § 16-61-202(c)).

In addition to being futile as explained above, Anderson's proposed affirmative defenses are unreasonably late without explanation for the delay. Anderson filed her original affirmative

---

[2] The Court notes Anderson's disingenuity in citing only *one* of the *three* measures of potential setoff listed in Ark. Code Ann. § 16-61-204(c). The Court expects more from the parties than citing only half of a relevant statute.

defenses to DTNA's third-party complaint on September 23, 2020 (Doc. 56) asserting, among other things, the Arkansas Contribution Act.   She could have and should have raised these affirmative defenses relating to that statute at that time rather than waiting nearly two years to do so.

For the foregoing reasons, the Court **DENIES with prejudice** Anderson's motion for leave to file the tendered affirmative defenses (Doc. 93).   The Court further **ORDERS** plaintiff's counsel to review Federal Rule of Civil Procedure 6 regarding computing time in federal civil cases.

**IT IS SO ORDERED.**
**DATED:   November1, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
